1
2
3
4
5
6
7
8  # UNITED STATES DISTRICT COURT
9  # SOUTHERN DISTRICT OF CALIFORNIA
10

11  TONY J. WAYNE, CDCR #T-20904;
   NGUYEN,
12
                                   Plaintiffs,
13

14

15                                 vs.

16

17

18  O'LEAL, Correctional Officer

19

20

21                                 Defendant.

22

23

Civil       07-1605 JM (BLM)
No.

**ORDER:**

**(1) GRANTING PLAINTIFF WAYNE'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 5]; AND**

**(2)  SUA SPONTE DISMISSING COMPLAINT AS FRIVOLOUS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(i) AND § 1915A(b)(1).**

24        Plaintiff Tony Wayne, an inmate currently incarcerated at the Richard J. Donovan

25  Correctional Facility in San Diego, California and proceeding pro se, has filed a civil

26  rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff has not prepaid the $350 filing

27  fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a

28  Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

1   **I.      Motion to Proceed IFP**

2          Effective April 9, 2006, all parties instituting any civil action, suit or proceeding

3   in a district court of the United States, except an application for writ of habeas corpus,

4   must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite

5   a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP

6   pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir.

7   1999).  Prisoners granted leave to proceed IFP however, remain obligated to pay the

8   entire fee in installments, regardless of whether the action is ultimately dismissed for any

9   reason.  *See* 28 U.S.C. § 1915(b)(1) & (2).

10         Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act

11  ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the

12  trust fund account statement (or institutional equivalent) for the prisoner for the six-

13  month period immediately preceding the filing of the complaint."   28 U.S.C. §

14  1915(a)(2).  From the certified trust account statement, the Court must assess an initial

15  payment of 20% of (a) the average monthly deposits in the account for the past six

16  months, or (b) the average monthly balance in the account for the past  six  months,

17  whichever is greater, unless the prisoner has no assets.  *See* 28 U.S.C. § 1915(b)(1);

18  28 U.S.C. § 1915(b)(4).  That institution having custody of the prisoner must collect

19  subsequent payments, assessed at 20% of the preceding month's income, in any month

20  in which the prisoner's account exceeds $10, and forward those payments to the Court

21  until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

22         The Court finds that Plaintiff Wayne has submitted an affidavit which complies

23  with 28 U.S.C. § 1915(a)(1), and that he has attached a certified copy of his trust account

24  statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2.   Plaintiff

25  Wayne's trust account statement shows that he has insufficient funds from which to pay

26  filing fees at this time.  *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall

27  a prisoner be prohibited from bringing a civil action or appealing a civil action or

28  criminal judgment for the reason that the prisoner has no assets and no means by which

1   to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C.

2   § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based

3   solely on a "failure to pay . . . due to the lack of funds available to him when payment is

4   ordered.").   Therefore, the Court **GRANTS** Plaintiff Wayne's Motion to Proceed IFP

5   [Doc. No. 5] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1).

6   However, the entire $350 balance of the filing fees mandated shall be collected and

7   forwarded to the Clerk of the Court pursuant to the installment payment provisions set

8   forth in 28 U.S.C. § 1915(b)(1).

9   **II.     Plaintiff's Representation**

10      It appears from the face of Plaintiff's Complaint that he is seeking to represent an

11  additional Plaintiff who is only identified as "Nguyen."   There is no other information

12  with regard to Plaintiff Nguyen, Plaintiff Nguyen did not sign the Complaint, nor did

13  Plaintiff Nguyen file a Motion to Proceed *IFP*.   To the extent that Plaintiff Wayne seeks

14  to represent Nguyen, he has no standing, for pro se litigants have no authority to represent

15  the interests of anyone other than themselves.  *Warth v. Seldin*, 422 U.S. 490, 499 (1975)

16  ("Art. III judicial power exists only to redress or otherwise to protect against injury to the

17  complaining party.... A federal court's jurisdiction therefore can be invoked only when

18  the plaintiff himself has suffered some threatened or actual injury.") (quotations and

19  citation omitted); *Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir. 1997); *see*

20  *also C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (holding

21  that while a nonattorney may represent himself, he has no authority to appear as an

22  attorney for others).  Thus, the Court **DISMISSES** Plaintiff Nguyen from this action for

23  failing to sign the Complaint and file a Motion to Proceed *IFP*.

24  **III.    Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)**

25      **A.     Standard of Review**

26      The PLRA also obligates the Court to review complaints filed by all persons

27  proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any

28  facility [and]  accused of, sentenced for, or adjudicated delinquent for, violations of

1  criminal law or the terms or conditions of parole, probation, pretrial release, or

2  diversionary program," "as soon as practicable after docketing."  *See* 28 U.S.C. §

3  1915(e)(2) and § 1915A(b).  Under these provisions, the Court must sua sponte dismiss

4  any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails

5  to state a claim, or which seeks damages from defendants who are immune.  *See* 28

6  U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001)

7  ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v.*

8  *Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. §

9  1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma*

10  *pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th

11  Cir. 2000) (§ 1915A).

12      Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua

13  sponte dismissal of only frivolous and malicious claims.  *Lopez*, 203 F.3d at 1126, 1130.

14  An action is frivolous if it lacks an arguable basis in either law or fact.  *Neitzke v.*

15  *Williams*, 490 U.S. 319, 324 (1989).  However, 28 U.S.C. § 1915(e)(2) and § 1915A now

16  mandate that the court reviewing an IFP or prisoner's suit make and rule on its own

17  motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant

18  to FED.R.CIV.P. 4(c)(2).  *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also*

19  *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte

20  screening pursuant to § 1915 should occur "before service of process is made on the

21  opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998)

22  (discussing 28 U.S.C. § 1915A).

23      "[W]hen determining whether a complaint states a claim, a court must accept as

24  true all allegations of material fact and must construe those facts in the light most

25  favorable to the plaintiff."  *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting

26  that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)");

27  *Andrews*, 398 F.3d at 1121.  In addition, the Court has a duty to liberally construe a pro

28  se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

1  Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963

2  F.2d 1258, 1261 (9th Cir. 1992).  In giving liberal interpretation to a pro se civil rights

3  complaint, however, the court may not "supply essential elements of claims that were not

4  initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268

5  (9th Cir. 1982).

6  As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable

7  claim under 42 U.S.C. § 1983.  Section 1983 imposes two essential proof requirements

8  upon a claimant:  (1) that a person acting under color of state law committed the conduct

9  at issue, and (2) that the conduct deprived the claimant of some right, privilege, or

10  immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. §

11  1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v.

12  Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

13  Plaintiff's Complaint fails to set forth with any specificity any allegations of a

14  denial of his constitutional rights.  The allegations that are made in the Complaint are

15  virtually incomprehensible. Plaintiff appears to allege that Defendant O'Leal "committed

16  terrorist acts on Plaintiff Wayne" on August 27, 2006.  (Compl. at 1.)  In addition,

17  Plaintiff claims that this can be proven by the use of the "Track and Record Surveillance"

18  otherwise known as "TARS." (*Id.*)  There are no other allegations in Plaintiff's one page

19  Complaint.   To the extent that Plaintiff intends these allegations to support an

20  independent constitutional claim for relief under section 1983, the Court finds they are

21  frivolous.  A complaint is frivolous "where it lacks an arguable basis either in law or in

22  fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Here, the Court finds Plaintiff's

23  claims to be frivolous under 1915(e)(2)(B) because they lack even "an arguable basis

24  either in law or in fact," and appear "fanciful," "fantastic," or "delusional." *Neitzke*, 490

25  U.S. at 325, 328.

26  **III.   Conclusion and Order**

27  Good cause appearing, **IT IS HEREBY ORDERED** that:

28  (1)  Plaintiff Nguyen is **DISMISSED** from this action;

1      (2)     Plaintiff Wayne's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a)

2 is **GRANTED**.

3      (3)     The Secretary of California Department of Corrections and Rehabilitation,

4 or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance

5 of the filing fee owed in this case by collecting monthly payments from the trust account

6 in an amount equal to twenty percent (20%) of the preceding month's income credited

7 to the account and forward payments to the Clerk of the Court each time the amount in

8 the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS

9 SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED

10 TO THIS ACTION.

11      (4)     The Clerk of the Court is directed to serve a copy of this Order on James

12 Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box

13 942883, Sacramento, California, 94283-0001.

14      **IT IS FURTHER ORDERED** that:

15      (5)     Plaintiff's Complaint is **DISMISSED** without prejudice as frivolous

16 pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i) and 1915A(b)(1). However, Plaintiff is

17 **GRANTED** forty five (45) days leave from the date this Order is stamped "Filed" in

18 which to file a First Amended Complaint which cures all the deficiencies of pleading

19 noted above. Plaintiff's Amended Complaint must be complete in itself without

20 reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not

21 named and all claims not re-alleged in the Amended Complaint will be deemed to have

22 been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

23      **IT IS SO ORDERED.**

24

25 DATED: November 16, 2007

26                        _____

27                        Hon. Jeffrey T. Miller
United States District Judge

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28