UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TONY J. WAYNE, | ) | Case No. 07cv1605-JM (BLM) |
| Plaintiff, | ) | **ORDER GRANTING MOTION TO FILE SECOND AMENDED COMPLAINT** |
| v. | ) | |
| O. LEAL, et al., | ) | [Doc. No. 34] |
| Defendants. | ) | |

On September 8, 2008, Plaintiff, a state prisoner proceeding *pro se*, moved for leave to amend the pleadings in order to name a previously-unknown defendant.[1]  Doc. No. 34.  Plaintiff's motion is **GRANTED** as follows.

Plaintiff filed his first 42 U.S.C. § 1983 complaint on August 13, 2007, alleging unspecified civil rights violations.  Doc. No. 1. Accompanying Plaintiff's complaint was a motion to proceed *in forma pauperis* ("IFP").  Doc. No. 2.  Because Plaintiff failed to support his IFP motion with proof of his financial status, the District Judge denied the motion, thus terminating the case without prejudice.  Doc. No. 3.

---

[1] Pursuant to Federal Rule of Civil Procedure 15, and Local Civil Rule 15.1, in order to name a new Defendant, Plaintiff must file a new complaint.  In light of these rules, and because Plaintiff has filed two complaints thus far (Doc. Nos. 1 & 9), the Court construes Plaintiff's motion to amend as a motion to file a second amended complaint.

1 Plaintiff subsequently provided the required proof and renewed his
2 request for IFP status.  Doc. No. 5.  The District Judge granted the
3 motion and gave Plaintiff leave to file a first amended complaint. Doc.
4 No. 8.

5 Plaintiff filed the first amended complaint on December 26, 2007,
6 alleging that his civil rights were violated when several correctional
7 officers and their supervisors beat and otherwise mistreated him in
8 prison.  Doc. No. 9.  After Plaintiff filed his first amended complaint,
9 the District Judge ordered the Clerk to mail Plaintiff a packet of forms
10 which Plaintiff was to complete and send to the U.S. Marshal's Office.
11 Doc. No. 11.  Pursuant to Plaintiff's IFP status, the Marshal's Office
12 was then to effect personal service on the putative defendants on
13 Plaintiff's behalf.  Id.  However, Plaintiff was released from custody
14 and relocated without informing the Court or the Clerk's Office of his
15 change of address, and therefore never received the IFP packet.  Doc.
16 No. 13.  Despite the lack of personal service upon the putative
17 defendants, Plaintiff pursued his case and, on September 8, 2008, filed
18 the instant motion to amend.  Doc. No. 34.

19 When a party moves to amend the pleadings, the "court should freely
20 give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This
21 policy is to be applied with "extreme liberality."  Eminence Capital,
22 LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003); see also
23 Forman v. Davis, 371 U.S. 178, 181-82 (1962)("the purpose of pleading is
24 to facilitate a proper decision on the merits," and the Federal Rules of
25 Civil Procedure are to be applied in a manner consistent with reaching
26 the merits of a case) (citation and quotation omitted).
27 ///
28 ///

1 | In light of this liberal policy, and because the putative defendants have not yet entered the case, the Court **GRANTS** Plaintiff's motion to file a second amended complaint. Plaintiff shall file his second amended complaint on or before **October 20, 2008**. At this time, and if Plaintiff's second amended complaint is in accord with the applicable Federal Rules of Civil Procedure and Local Civil Rules, the Court will order the Clerk's Office to mail Plaintiff the packet of forms he requires to properly serve the putative defendants.

**IT IS SO ORDERED.**

DATED: September 22, 2008

BARBARA L. MAJOR
United States Magistrate Judge

COPY TO:

HONORABLE JEFFREY T. MILLER
U.S. DISTRICT JUDGE

ALL COUNSEL