# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY J. WAYNE, <br><br> Plaintiff, <br><br> vs. <br><br> O. LEAL, et al., <br><br> Defendants. | CASE NO. 07 CV 1605 JM (BLM) <br><br> **ORDER:** <br> **1) DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER; and** <br> **2) REQUESTING RESPONSE FROM DEFENDANTS IN PART** <br><br> Doc. No. 72 |

Plaintiff, appearing *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2007. Plaintiff's Second Amended Complaint was filed October 7, 2008 and subsequently served on the remaining parties. (Doc. No. 37.) Pending before this court is Plaintiff's motion for a temporary restraining order ("TRO"), filed nunc pro tunc to January 2, 2009. (Doc. No. 72.)

In his TRO request, Plaintiff asks this court to restrain various defendants from interfering with his access to the courts. (Doc. No. 72 at 2.) In particular, Plaintiff complains that: 1) he is being denied access to the law library; and 2) his legal supplies and envelopes were confiscated and his prison trust account is now being charged for legal supplies normally provided for free to indigent inmates. (Doc. No. 72 at 5.) According to Plaintiff, he is being denied access to lawyers, media, law books, and assistance of other inmates. (Doc. No. 72 at 6.) On this issue, the court requests a written response from Defendants, which shall be filed and served **no later than Tuesday, January 20, 2009.**

1  In the response, Defendants are asked to confirm Plaintiff's slated date of release from prison, which
2  he contends is March 6, 2009.  (Doc. No. 72 at 5.)
3        Plaintiff also asks that defendants be ordered to allow him psychotropic medications ordered
4  by the facility psychologist and pain medications ordered by the facility physician.  (Doc. No. 72 at
5  2.)  Although Plaintiff claims he was prescribed these medications as a result of the prison incident
6  which forms the basis of his claims, this TRO request has little factual nexus with his claims.  In
7  addition, there is no indication Plaintiff has exhausted his administrative remedies on this issue.
8  Further, Plaintiff has failed to either:  1) demonstrate a combination of probable success and the
9  possibility of irreparable harm; or 2) raise serious questions with the balance of hardships tipping in
10 his favor.  *Arcamuzi v. Continental Air Lines, Inc.*, 819 F.2d 935, 937 (9th Cir. 1987); *Ali v. United*
11 *States*, 932 F. Supp. 1206, 1208 (N.D. Cal. 1996).  Thus, with regard to Plaintiff's request to allow
12 administration of his medications, the court **DENIES** the TRO.
13       **IT IS SO ORDERED.**
14 DATED:  January 12, 2009

                                                Hon. Jeffrey T. Miller
                                                United States District Judge