# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY J. WAYNE,<br><br>                           Plaintiff,<br>  vs.<br><br>O. LEAL, et al.,<br><br>                         Defendants. | CASE NO. 07 CV 1605 JM (BLM)<br><br>**ORDER DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER**<br><br>Doc. No. 72 |

      Plaintiff, appearing *pro se* and *in forma pauperis*, initiated this civil rights action pursuant to 42 U.S.C. § 1983 on August 13, 2007.  Plaintiff's Second Amended Complaint was filed October 7, 2008 and subsequently served on the remaining parties.  (Doc. No. 37.)  Plaintiff also submitted a motion for a temporary restraining order ("TRO"), which was filed nunc pro tunc to January 2, 2008. In his motion, Plaintiff asked the court to order defendants to allow him psychotropic and pain medications ordered by facility medical staff.  (Doc. No. 72 at 2.)  The court denied this request by order dated January 12, 2009.  (Doc. No. 73.)  In the TRO request, Plaintiff also asked the court to restrain defendants from interfering with his access to the courts.  (Doc. No. 72 at 2.)  On the latter issue, Defendants submitted a response as requested by the court.  (Doc. No. 78.)

      As a first consideration, although the remedies sought in Plaintiff's TRO relate to his ability to prosecute his § 1983 claims, he has not established "a relationship between the injury claimed in the motion and the conduct giving rise to the complaint."  E. & J. Gallo Winery v. Andina Licores

1  S.A., 440 F.Supp.2d 1134, 1138 (E.D.Cal. 2006). Absent such a nexus, the court lacks jurisdiction to address the matters raised in a TRO request. See Zepeda v. U.S. Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985).

In addition to the jurisdictional bar, Plaintiff has failed to meet the requisite legal standards for preliminary injunctive relief, which, in the Ninth Circuit, also apply to TROs. See, e.g., Superior Servs., Inc. v. Dalton, 851 F. Supp. 381, 384-85 (S.D. Cal. 1994). Preliminary injunctive relief is available if the party meets one of two tests: (1) a combination of probable success and the possibility of irreparable harm; or (2) the party raises serious questions and the balance of hardship tips in its favor. Arcamuzi v. Cont'l Air Lines, Inc., 819 F.2d 935, 937 (9th Cir. 1987). "These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases." Id. (internal quotation marks omitted). Under both formulations, however, the party must demonstrate a "fair chance of success on the merits, or questions serious enough to require litigation," and a "significant threat of irreparable injury." Id.; see also Stanley v. Univ. of S. Cal., 13 F.3d 1313, 1320 (9th Cir. 1994) (party seeking preliminary injunction must demonstrate inadequacy of legal remedies).

To succeed on the merits of Plaintiff's access to the courts allegation, he must show: 1) he was unreasonably denied access to the courts; and 2) he suffered an actual injury as a result. See Lewis v. Casey, 518 U.S. 343, 346 (1996); Vandelft v. Moses, 31 F.3d 794, 797 (9th Cir. 1994). Even if Plaintiff could show denial of access to the law library, confiscation of legal supplies, or failure to provide free legal supplies were unreasonable,[1] he can not demonstrate any actual injury. Since his suspension from the law library on December 10, 2008, Plaintiff has filed no fewer than five submissions with this court and has missed no filing deadlines. Several of Plaintiff's submissions, including the pending TRO, were filed after his access to legal supplies was limited. Further, especially given Plaintiff's pending March 6, 2009 release from prison, at this time Plaintiff can make no showing of irreparable harm. If Plaintiff is concerned he would be unable to respond to Defendants' Motion to Dismiss (Doc. No. 68) while he remains incarcerated, he is free to seek an

---

[1] As Defendants note, Plaintiff has no absolute right to access to a law library, legal supplies, lawyers, or inmate assistance but must show the alleged deprivations unreasonably denied him access to the courts and caused actual harm. (Doc. No. 78 at 3-6.)

1 | extension of time to respond to the motion.

2 |     For the reasons stated above, Plaintiff's request for TRO regarding denial of access to the
3 | courts is **DENIED**.  (Doc. No. 72.)

4 |     **IT IS SO ORDERED.**

5 | DATED: January 23, 2009

                                  Hon. Jeffrey T. Miller
                                  United States District Judge