# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TONY JOHN WAYNE,<br><br>    Plaintiff,<br><br>vs.<br><br>O. LEAL et al.,<br><br>    Defendants. | CASE NO. 07 CV 1605 JM (BLM)<br><br>**ORDER:**<br>**1) ADOPTING REPORT AND RECOMMENDATION and**<br>**2) DENYING MOTION FOR ENTRY OF DEFAULT**<br><br>**Doc. Nos. 68, 70, 76, 80, 82, 86** |

Tony John Wayne ("Plaintiff"), a former state prisoner proceeding *pro se* and *in forma pauperis*, filed a civil rights action pursuant to 42 U.S.C. § 1983. Defendants moved to dismiss Plaintiff's Second Amended Complaint (Doc. No. 37) on January 9, 2009. (Doc. No. 68.) Plaintiff filed no opposition to the motion. Also pending before the court are Plaintiff's motion for summary judgment (Doc. Nos. 70 and 80), motion to amend (Doc. No. 76), and motion for entry of default (Doc. No. 82).

//

Report and Recommendation

On June 2, 2009, Magistrate Judge Barbara L. Major issued a Report and Recommendation (Doc. No. 86, "R&R") denying Plaintiff's motion to amend and recommending this court: 1) grant in part and deny in part Defendants' motion to dismiss; and 2) deny Plaintiff's motion for summary judgment. Petitioner filed no objections to these recommendations.

1       Having carefully considered the thorough and thoughtful R&R, the record before the court,
2 and the applicable authorities, the court wholly **ADOPTS THE R&R.**
3 //
4 <u>Motion for Entry of Default</u>
5       On January 16, 2009, Plaintiff filed a motion for entry of default. (Doc. No. 82.) Plaintiff
6 asserted entry of default was proper because Defendants had not responded to the Second Amended
7 Complaint within 20 days after service. However, Defendants waived service pursuant to Rule 4(d)
8 of the Federal Rules of Civil Procedure and thus, no response was due until December 26, 2008. (<u>See</u>
9 Doc. Nos. 55-62.) The court granted Defendants an extension of time to respond to January 9, 2009.
10 (Doc. No. 67.) Defendants filed their motion to dismiss on this date. Plaintiff's motion for entry of
11 default is therefore **DENIED**.
12 //
13 <u>Conclusion</u>
14       Based on the foregoing, the court hereby adopts the findings and recommendations of the
15 R&R. Accordingly, the court **GRANTS IN PART** and **DENIES IN PART** Defendants' motion to
16 dismiss. Plaintiff's § 1983 claims for retaliation and falsified incident reports or withheld evidence
17 are **DISMISSED** without prejudice and with leave to amend. Plaintiff's state law assault and battery
18 claim is **DISMISSED with prejudice**. Plaintiff's allegations of vulgar or abusive language will be
19 considered in the context of his § 1983 claim for excessive force. To the extent Plaintiff seeks
20 monetary damages against Defendants acting in their official capacities, such claims are **DISMISSED**
21 with prejudice. In addition, as recommended by Magistrate Judge Major, the court **DENIES**
22 Plaintiff's motion to amend (Doc. No. 76) and motion for summary judgment (Doc. Nos. 70 and 80).
23       For the reasons stated above, the court also **DENIES** Plaintiff's motion for entry of default
24 (Doc. No. 82).
25       Plaintiff is granted leave to file a third amended complaint consistent with this order. <u>See</u>
26 <u>Lopez v. Smith</u>, 203 F.3d 1122, 1128 (9th Cir. 2000) (dismissal of <u>pro se</u> complaint for failure to state
27 claim is proper only where obvious that amendment would be futile). If Plaintiff wishes to file a third
28 amended complaint, he must do so by **<u>September 4, 2009.</u>** If Plaintiff does not file an third amended

1  complaint by that date, the case will proceed on his § 1983 excessive force claim and Defendants are
2  instructed to answer in accordance with the Federal Rules of Civil Procedure.

DATED: August 4, 2009

Hon. Jeffrey T. Miller
United States District Judge